**Sylvia GARCIA–MARTINEZ,**
**Plaintiff, Appellant,**

v.

**Jo Anne BARNHART, Commissioner**
**of Social Security, Defendant,**
**Appellee.**

**No. 04–1332.**

United States Court of Appeals,
First Circuit.

Oct. 1, 2004.

Felix M. Zeno Gloro on brief for appellant.

H.S. Garcia, United States Attorney, Joseph Dunn, Assistant Regional Counsel, and Lisa E. Bhatia, Assistant U.S. Attorney on brief for appellee.

Before BOUDIN, Chief Judge, LIPEZ and HOWARD, Circuit Judges.

PER CURIAM.

Claimant Sylvia Garcia–Martinez appeals from the district court's judgment affirming the denial of Social Security disability benefits. Claimant alleged only a mental impairment (depression and anxiety), and the Commissioner determined that this severe impairment prevented claimant from performing her past work. The Commissioner nonetheless concluded that there was other work (at all exertional levels) which claimant could perform, so long as such work (1) was of a routine, repetitive nature, (2) did not involve undue pressure, and (3) did not involve interactions with the public. In reaching this conclusion, the Commissioner used the Medical Vocational Guidelines (the grid), 20 C.F.R. Part 404, Subpart P, App. 2, as a framework for her decision. Claimant makes two arguments on appeal.

■ First, claimant contends that the administrative law judge (ALJ) erroneously failed to give controlling weight to the opinion of her treating psychiatrist that she essentially is disabled. This contention fails because (1) the treating psychiatrist's opinion conflicts with the other evidence in the record and (2) this doctor opined that claimant was experiencing disabling symptoms during three years in which claimant was able to perform her past work. The ALJ therefore permissibly decided that the psychiatrist's opinion should not be adopted. *See* Security Ruling 96–2p, *Giving Controlling Weight to Treating Source Medical Opinions,* 1996 WL 374188.

■ Second, claimant argues that the ALJ erred by using the grid in deciding her case. Rather, she maintains that, because her only impairment was mental, the testimony of a vocational expert (VE) was *required.* However, the source claimant cites for this proposition—the Hearings, Appeals and Litigation Law Manual (HALLEX)—does not *require* a VE's testimony in such a situation, but instead just *recommends* the use of a VE. Further, where, as here, a claimant's non-exertional impairment does not significantly interfere with the performance of the full range of unskilled work, the use of the grid as a framework is not error. *See* SSR 85–15, *Capability to do Other Work—the Medical–Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments,* 1985 WL 56857; *Ortiz v. Secretary of Health and Human Services,* 890 F.2d 520 (1st Cir.1989) (per curiam).

The judgment of the district court is *summarily affirmed. See* Local Rule 27(c).